UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | ) Chapter 11 |
| AXE HANDLE LLC, | ) Case No. 25-13292 (AMC) |
| Debtor | ) |
| AXE HANDLE LLC., | ) |
| Plaintiff. | ) Adv. Pro. No. |
| v. | ) |
| AMERICAN HERITAGE FEDERAL CREDIT UNION, | ) |
| Defendant. | ) |

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFER
PURSUANT TO 11 U.S.C. §§ 547 AND 550
<u>AND FOR RELATED RELIEF</u>**

Axe Handle LLC (the "Debtor" or the "Plaintiff""), by and through its undersigned attorneys, as and for its complaint against the above-captioned defendant (the "Defendant"), avers as follows:

**<u>NATURE OF THE ACTION</u>**

1. This is an adversary proceeding commenced pursuant to Part VII of the Federal Rules of Bankruptcy Procedure to avoid and recover transfers made by the Debtor to or for the benefit of the Defendant and for related relief. The Debtor is seeking a judgment avoiding the transfer identified in this complaint pursuant to §547 of Title 11 of the United States Code (the "Bankruptcy Code") and applicable non-bankruptcy law, recovering such transfers or the value thereof pursuant to §550 of the Bankruptcy Code, and disallowing any claim of the Defendant pursuant to §502(d) of the Bankruptcy Code until the Defendant satisfies the full amount of the transfers which form the subject of this complaint.

2. To the extent that the Defendant (including any affiliate of the Defendant) has filed a proof of claim or has a claim listed in the Debtor's schedules of assets and liabilities as undisputed, liquidated and non-contingent or has otherwise requested payment from the Debtor (collectively, the "Claims"), this complaint is not intended to be, nor should it be construed as, a waiver of the right of any party with standing to object to such Claims for any reason, including, but not limited to §502(a) through (j) of the Bankruptcy Code, and all such rights are expressly reserved.

## JURISDICTION

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157(b) and 1334(b).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1408 and 1409(a).

5. This adversary proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B), (E) and (F).

**STATEMENT PURSUANT TO FEDERAL RULE
OF BANKRUPTCY PROCEDURE 7008**

6. The Debtor consents to the entry of a final judgment by this Court.

## BACKGROUND AND PARTIES

7. On August 19, 2025 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court.

8. Upon information and belief, the Defendant is a federally chartered credit union corporation having a principal place of business at 2060 Red Lion Road, Philadelphia, PA 19115.

9. On or about August 30, 2028, the Defendant made certain loans, advances and extensions of credit to or for the benefit of the Debtor secured by a mortgage on real property owned by the Debtor and located in the Township of Haycock, Bucks County, Pennsylvania (the "Property").

10. The Property is designated on the applicable tax map as Tax Parcel Nos. 12-006-039 and 14-006-022.

11. On May 21, 2025, the Defendant recorded a deed in lieu of foreclosure (the "Deed-in-Lieu") with respect to the Property with the Bucks County Recorder of Deeds, thereby purporting to transfer title to the Property from the Debtor to the Defendant. A copy of the Deed-in-Lieu is annexed hereto and made a part hereof as Exhibit "A".

12. Notwithstanding the recording of the Deed-in-Lieu, the Defendant has continued to issue monthly mortgage loan account statements to the Debtor.

## THE TRANSFERS

13. The Deed-in Lieu was recorded during the ninety-day period preceding the Petition Date.

14. The Debtor has conducted reasonable due diligence in the circumstances of the Debtor's Chapter 11 case, including by reviewing the recorded Deed-in-Lieu.

15. Based upon the Debtor's reasonable due diligence, and taking into account the Defendant's known or reasonably foreseeable affirmative defenses under §547(c) of the Bankruptcy Code, the Debtor has concluded that the purported transfer of the Property by means of the Deed-in-Lieu is avoidable and recoverable for the benefit of the Debtor's estate pursuant to §547(b) and 550 of the Bankruptcy Code.

## RESERVATION OF RIGHTS

16. This complaint reflects the current state of the Debtor's knowledge concerning the transfers made by the Debtor to or for the benefit of the Defendant during the ninety-day period preceding the Petition Date. During the course of this proceeding, the Debtor may learn (through discovery or otherwise) of additional transfers of money and/or property made by the Debtor to or for the benefit of the Defendant or which are otherwise avoidable or recoverable under Chapter 5 of the Bankruptcy Code. The Debtor intends to avoid and recover all such transfers, whether or not such transfers are presently reflected or otherwise described in this complaint.

## FIRST CLAIM FOR RELIEF
### (To Avoid and Recover Preferential Transfes Pursuant to 11 U.S.C. §§547 and 550)

17. The Debtor repeats and realleges each and every allegation contained in paragraphs 1 through 16 hereof as if fully set forth herein at length.

18. As set forth above, the Defendant caused the Deed-in-Lieu to be recorded during the ninety-day period preceding the Petition Date.

19. The recording of the Deed-in-Lieu was a transfer of an interest of the Debtor in property made within ninety days prior to the Petition Date.

20. Such transfer was made for or on account of one or more antecedent debts owed by the Debtor to the Defendant prior to the dates on which such transfer was made.

21. The Debtor was insolvent at the time such transfer was made.

22. At the time of the subject transfer, the Debtor was indebted to the Defendant in the aggregate approximate amount of $350,000.

23. In contrast, as of May 21, 2025, the Property had a fair value in excess of $1,000,000.00,

24. The purported transfer of ownership of the Property by means of the Deed-in-Lieu enabled the Defendant to receive more than it would have received if the Debtor's bankruptcy case was a case under Chapter 7 of the Bankruptcy Code, the transfer had not been made, and the Defendant received payment of its debt with respect to such transfer to the extent provided by the applicable provisions of the Bankruptcy Code.

25. By reason of the foregoing, the Debtor is entitled to a judgment against the Defendant avoiding the Deed-in-Lieu and the purported transfer of title to the Property resulting therefrom as a voidable preference made by the Debtor to the Defendant during the ninety-day period preceding the Petition Date pursuant to §547(b) of the Bankruptcy Code or for the value thereof.

**SECOND CLAIM FOR RELIEF**
**(To Recover the Transfers or the Value Thereof Pursuant to 11 U.S.C. § 550)**

26. The Debtor repeats and realleges each and every allegation contained in paragraphs 1 through 25 hereof as if fully set forth herein at length.

27. The Defendant is the initial transferee of the Property, or the person for whose benefit the transfer of the Property was made, or the immediate or mediate transferee of the initial transferee which received the transfer.

28. By reason of the foregoing, the Debtor is entitled to recover the value of the transfer pursuant to §550 of the Bankruptcy Code, together with pre-judgment interest thereon through the date of the Defendant's payment, and the costs of this action to the extent permitted by law.

## THIRD CLAIM FOR RELIEF
### (To Disallow the Defendant's Claims, if Any)

29. The Debtor repeats and realleges each and every allegation contained in paragraphs 1 through 28 hereof as if fully set forth herein at length.

30. The Defendant is the transferee of one or more transfers avoidable by the Debtor under Chapter 5 of the Bankruptcy Code and is a person from which property is recoverable pursuant to §550 of the Bankruptcy Code.

31. The Defendant has failed to pay the amount of the transfer, which is avoidable under Chapter 5 of the Bankruptcy Code and recoverable under §550 of the Bankruptcy Code.

32. Pursuant to §502(d) of the Bankruptcy Code, any and all Claims of the Defendant (or its affiliates) against the Debtor or its estate must be disallowed until such time as the Defendant pays to the Debtor an amount equal to the amount of the transfer, together with interest and costs.

33. Pursuant to §502(j) of the Bankruptcy Code, any and all Claims of the Defendant must be disallowed until such time as the Defendant satisfies its obligations arising under Chapter 5 of the Bankruptcy Code, together with interest and costs.

WHEREFORE, the Debtor demands the entry of a judgment in its favor and against the Defendant awarding the following relief:

(a) the entry of a judgment against the Defendant avoiding the Deed-in-Lieu or for the value thereof, together with pre-judgment interest from the date on which the Deed-in-Lieu was recorded, pursuant to 11 U.S.C. §547;

(b) the entry of a judgment directing the Defendant to reconvey ttile to the Property to the Debtor pursuant to 11 U.S.C. §550;

(c) disallowing the Defendant's Claims, if any, pursuant to §502(d) and/or (j) of the Bankruptcy Code;

(d) awarding the Debtor the reasonable costs, fees (including attorneys' fees) and expenses incurred in the commencement and prosecution of this adversary proceeding; and

(e) granting such other and further relief as is just and proper.

Dated:  August 20, 2025                              **KURTZMAN | STEADY, LLC**


By:/s/ Jeffrey Kurtzman
    Jeffrey Kurtzman, Esquire
    101 N. Washington Avenue, Suite 4A
    Margate, NJ 08402
    Telephone: (215) 839-1222
    Email:  kurtzman@kurtzmansteady.com

    Attorneys for Plaintiff